# United States Tax Court

T.C. Summary Opinion 2023-22

FRANK R. MCNAMARA AND COLLETTE M. MCNAMARA,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 3237-22S.                                    Filed June 26, 2023.

————————

*Robert Bernard Nealon*, for petitioner.

*Aaron M. Bailey*, for respondent.


SUMMARY OPINION

CHOI, *Special Trial Judge*: This case was submitted pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Furthermore, this case was submitted to the Court fully stipulated for a decision without trial pursuant to Rule 122.

In a notice of deficiency dated November 29, 2021, the Internal Revenue Service (respondent) determined a deficiency in petitioners' federal income tax of $2,194 for taxable year 2019. The deficiency results

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

from the partial disallowance of the mortgage interest deduction claimed on petitioners' 2019 joint federal income tax return.

The issue for decision is whether petitioners correctly calculated the home mortgage interest deduction for the year in issue.

## *Background*

Some facts have been stipulated and are so found. The Stipulation of Facts and the attached Exhibits are incorporated by this reference. Petitioners were residents of Virginia when they filed the Petition.

In 2019 petitioners owned two homes, which they acquired after October 1987 and before December 16, 2017. Petitioners owned the first home in Virginia for the entire year. They owned the second home in Massachusetts (Massachusetts home) until or around May 10, 2019, when they sold it.

On their 2019 Form 1040, U.S. Individual Income Tax Return, petitioners claimed a total mortgage interest deduction of $39,226 for their two homes. Respondent disallowed $9,140 of the deduction, asserting that petitioners miscalculated the deduction for the Massachusetts home. Despite having sold the home in May 2019, petitioners calculated the deduction using a 12-month period to determine the average mortgage balance, the determination of which was necessary for calculating petitioners' mortgage interest deduction.

## *Discussion*

I. *Burden of Proof*

Generally, the Commissioner's determinations in a statutory notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). However, in certain circumstances, if the taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the proper tax liability, section 7491(a)(1) shifts the burden of proof to the Commissioner. Petitioners do not contend, and the evidence does not establish, that the burden of proof shifts to respondent as to any issue of fact. *See Higbee v. Commissioner*, 116 T.C. 438, 442 (2001).

II.    *Mortgage Interest Deduction*

Tax deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). This burden requires the taxpayer to demonstrate that the claimed deductions are allowable pursuant to some statutory provision and to substantiate the expenses giving rise to the claimed deductions by maintaining and producing adequate records that enable the Commissioner to determine the taxpayer's correct liability. § 6001; *Higbee*, 116 T.C. at 440; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976).

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. Section 163(h)(1), however, provides that in the case of a taxpayer other than a corporation (i.e., an individual) no deduction is allowed for personal interest paid or accrued during the taxable year. Nevertheless, qualified residence interest is excluded from the definition of personal interest and is deductible under section 163(a). *See* § 163(h)(2)(D).

The term "qualified residence interest" means any interest paid or accrued during the taxable year on either acquisition or home equity indebtedness with respect to any qualified residence of the taxpayer. § 163(h)(3)(A). A taxpayer's qualified residence is his principal residence (within the meaning of section 121) and one other residence of the taxpayer, which is selected by the taxpayer and is used by the taxpayer as a residence (within the meaning of section 280A(d)(1)). § 163(h)(4)(A). The determination of whether any property is a qualified residence of the taxpayer shall be made as of the time the interest is accrued. § 163(h)(3)(A).

Acquisition indebtedness is any indebtedness that is (1) incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and (2) secured by such residence. § 163(h)(3)(B)(i). The aggregate amount of acquisition indebtedness shall not exceed $1 million for any period. § 163(h)(3)(B)(ii).

The issue here is not whether petitioners are entitled to deduct mortgage interest, but the amount of the deduction to which they are entitled. The amount of petitioners' deduction depends on whether they may calculate the average mortgage balance for the Massachusetts home using a 12-month period or must use the 5-month period during

which the home secured the outstanding balance on their mortgage. When a 5-month period is used to calculate the average mortgage balance for the Massachusetts home, petitioners' aggregate acquisition indebtedness exceeds the $1 million limit, making a portion of the mortgage interest they paid for taxable year 2019 not deductible. Petitioners rely on examples provided in I.R.S. Publication 936, Home Mortgage Interest Deduction, to assert they correctly used a 12-month period to calculate the average monthly mortgage debt for their Massachusetts home.

Petitioners' reliance on Publication 936 to use a 12-month period to calculate the amount of their mortgage interest is misguided. *See Miller v. Commissioner*, 114 T.C. 184, 195 (2000) (explaining that administrative guidance is not binding on the Court when the plain meaning of a statute is clear). Section 163 is unambiguous in providing that the mortgage interest deduction is allowed only for interest paid on the outstanding mortgage balance secured by the taxpayer's home. *See* § 163(h)(3)(A) (providing a deduction for interest paid on debt incurred to buy, build/improve, or borrow against a taxpayer's home when the debt is secured by the home). A taxpayer may not claim the mortgage interest deduction for periods during which the taxpayer's outstanding mortgage debt is not secured by the taxpayer's home. *See* Temp. Treas. Reg. § 1.163-10T(h) (providing that when calculating the average mortgage balance, a taxpayer must consider the period the outstanding mortgage balance was secured by the taxpayer's home, which may be less than a calendar year).

Petitioners erred when they calculated the average mortgage balance for their Massachusetts home using the 12-month period instead of the 5-month period during which the home secured the outstanding balance on the mortgage. Calculating the average mortgage balance for the Massachusetts home using a five-month period causes petitioners' mortgage indebtedness for 2019 to exceed the $1 million limit such that a portion of the interest they paid is not deductible. Accordingly, the notice of deficiency in this matter is sustained.

We have considered all arguments made by the parties, and to the extent not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent.*